421 A.2d 372

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**E. G. GORE.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Aug. 1, 1980.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Paul A. Prince, Pottstown, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant Commonwealth contends that the lower court erred in denying its pre–trial motion to amend the bill of information against appellee. We conclude that the lower court's order is interlocutory and unappealable and, accordingly, quash this appeal.

On February 21, 1979, the Commonwealth filed a bill of information against appellee charging him with driving under the combined influence of alcohol and a controlled substance.[1] On April 11, 1979, prior to the scheduled hearing on appellee's pre–trial motions, the Commonwealth petitioned the court to amend its bill of information to charge appellee with driving under the influence of alcohol.[2] In its petition, the Commonwealth averred that, while it could prove that appellee was operating a vehicle under the influence of alcohol, it could not prove that he was driving under the combined influence of alcohol and a controlled substance. After hearing argument, the lower court denied the petition to amend. The Commonwealth then took this appeal.

"It is a fundamental axiom of appellate court jurisdiction that an appeal will lie only from an definitive order, decree or judgment which finally terminates the action." *Commonwealth v. DeFelice*, 248 Pa.Super. 516, 521, 375 A.2d 360, 362 (1977) (citations omitted). Subject to certain exceptions not here applicable, "this Court's jurisdiction is confined to appeals from *final orders* of the courts of common pleas." *Id.*

1. Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S.A. § 3731(a)(3).

2. *Id.*; 75 Pa.C.S.A. § 3731(a)(1).

(citations omitted) (emphasis added).[3] In *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969), our Supreme Court quashed the Commonwealth's appeal from an order discharging the accused from custody for failure to make out a prima facie case. The Court reasoned that the lower court's order had not put the Commonwealth "out of court" because the Commonwealth remained free to rearrest the accused and to bring him before another magistrate for preliminary hearing. Accordingly, the lower court's order lacked the finality needed to render it appealable. *See also Commonwealth v. Earp*, 476 Pa. 369, 380 n.4, 382 A.2d 1215, 1220 n.4 (1978) (Dissenting Opinion by Pomeroy, J.); *Commonwealth v. Heatherington*, 460 Pa. 17, 331 A.2d 205 (1975).

In the instant case, the Commonwealth has appealed from an order denying its motion to amend. It contends that trial of appellee on the unamended bill of information would be fruitless. The Commonwealth remains free, however, to enter a nolle prosequi in this case, rearrest appellee, and proceed on an accurate bill of information. Thus, as in *Riggins*, the lower court's order is not appealable because it did not put the Commonwealth "out of court." We therefore quash this interlocutory appeal.

Appeal quashed.

PRICE, J., dissents.

---

**3.** Although the *DeFelice* Court cited 17 P.S. § 211.302 (repealed) as authority for its statement regarding jurisdiction, the statement remains applicable because the statute governing our jurisdiction over this appeal is a reenactment of § 211.302. *See* 42 Pa.C.S.A. § 742.