COMMONWEALTH of Pennsylvania,
Appellant,

v.

Patricia L. MOORE, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1999.

Filed March 20, 2000.

Reargument Denied May 23, 2000.

Eugene A. Vittone, II, Asst. Dist. Atty., Washington, for Com., appellant.

Glen Alterio, Public Defender, Washington, for appellee.

Before POPOVICH, ORIE MELVIN and HESTER, JJ.

POPOVICH, J.:

¶ 1 The Commonwealth appeals the order granting Patricia L. Moore's second Petition For Writ Of Habeas Corpus and dismissing criminal charges against her with prejudice. We affirm.

¶ 2 The record discloses that on September 18, 1998, Moore was charged with two counts of arson, insurance fraud and criminal conspiracy arising out of a fire at her residence on August 25, 1996. A preliminary hearing scheduled for November 25, 1998, was continued until disposition of Moore's second Writ of Habeas Corpus. However, a hearing on the first Writ was held on January 12, 1998, wherein the Court heard testimony resulting in an opinion and order dated June 19, 1998, "that the Commonwealth ... failed to present independent evidence that the fire at issue was 'incendiary in origin' or by 'human intervention'." As a result, the statements of Moore's daughter and son-in-law regarding her alleged confession were rendered inadmissible because the Commonwealth failed to establish the corpus delecti of the crimes charged. *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724 (1996).

¶ 3 The Commonwealth failed to appeal the June 19th order.[1] Rather, the Com-

1. The Commonwealth may appeal from an order discharging a defendant upon a Writ of

monwealth refiled criminal charges, but it neglected to allege the possession of any additional evidence to establish a prima facie case. In fact, at a hearing on December 9, 1998, (to address the second habeas corpus petition) the Commonwealth responded to the Court's inquiry of "What's your new evidence?" in the following fashion; to-wit:

> [Counsel for the Commonwealth]: ... The new facts that you are asking about, Your Honor, is that Trooper Thompson has since conducted an investigation on the defendant's financial status to determine motivation for setting of an arson fire to recover insurance money, so we believe we can prove that at this point.
>
> * * * *
>
> Well, Your Honor, the other item I would mention is that [in the] ... habeas [corpus] hearing, ... in the testimony we got out the kerosene heater was knocked over, and everything else. H[owever, the Commonwealth's attorney] never asked the magic ... question, "is the fire incendiary in origin, or caused by human intervention?" And that was the defect[.] * * * I believe we can ask the correct question this time and get the right answer. I mean, that was the underlying issue, whether or not the fire was caused by something natural, as opposed to human.

■ ¶ 4 We have no dispute with the Commonwealth's authority to refile criminal charges where the defect is curable by admission of "new evidence" either not available or discoverable until after a preliminary hearing held to establish a prima facie case before a District Justice resulted in dismissal. *Commonwealth v. Waller*, 453 Pa.Super. 36, 682 A.2d 1292, 1294 (1996). We now hold this same rationale is applicable to the grant of a Petition for a Writ of Habeas Corpus.

¶ 5 We have reviewed the proposed "new evidence" (Moore's financial incentive

to start the fire) in the possession of the Commonwealth, which was supposedly unavailable or unknown to the prosecution at the December 9th (second) habeas corpus hearing. We conclude that this type of evidence does not establish that the fire was "incendiary in origin" or by "human intervention". Further, the Commonwealth argues in its "Brief In Opposition To Defendant's Habeas Corpus Petition":

> ... the Commonwealth need only refile the charges and have Trooper [Shaun] Jones state his opinion as to whether the fire was caused by human or natural intervention before the introduction of the Defendant's admission ... would satisfy the corpus delecti rule.

We disagree.

■ ¶ 6 First, the testimony of Trooper Shaun Jones was extant at the time of the (first) habeas corpus hearing. Thus, as in District Court cases, such evidence would not be "new" for habeas corpus purposes, which precludes the prosecution from a second bite at the apple to convict Moore. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975). Second, evidence of Moore being financially motivated to start the fire does not equate with satisfaction of either prong to prove arson, i.e., conflagration being incendiary in origin or created by human intervention. 18 Pa. C.S.A. § 3301.

■ ¶ 7 Therefore, because no additional evidence exists in this case to prove a prima facie case, the rearrest of Moore is invalid, and, consequently, the order granting the (second) Writ of Habeas Corpus and dismissal of all charges with prejudice was proper.

¶ 8 Order affirmed.