COMMONWEALTH of Pennsylvania,
Appellant,

v.

Roberto MEDRANO, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 25, 2001.
Filed Dec. 12, 2001.

Kelly S. Kline, Asst. Dist. Atty., Reading, for Commonwealth, appellant.

William R. Bernhart, Reading, for appellee.

BEFORE: McEWEN, President Judge Emeritus, TODD, and KELLY, JJ.

KELLY, J.

¶ 1 Appellant, the Commonwealth of Pennsylvania, asks us to determine whether the trial court properly denied its motion to amend a criminal information. Specifically, we must decide whether a trial court may deny a motion to amend a criminal information where the defendant was on notice that the Commonwealth intended to bring the charges, but the Commonwealth repeatedly failed to make a prima facie case regarding those charges. We must also determine whether the trial court employed the proper standard in denying the Commonwealth's second motion to amend.

¶ 2 We hold that the trial court properly denied the Commonwealth's second motion to amend its first criminal complaint where the Commonwealth repeatedly attempted to refile and/or amend its complaint to add charges that had been previously dismissed for continued failure to make a prima facie case. In addition, we hold that the trial court applied the proper standard under Pa.R.Crim.P. 229 and relevant case law to deny the Commonwealth's second motion to amend. Accordingly, we affirm.

¶ 3 The trial court set out the relevant facts and procedural history as follows:

1. On February 8, 2000, Criminal Investigator Jose A. Colon obtained a search warrant from District Justice Hall authorizing a search for 115 W. Elm Street, Reading, Berks County, Pennsylvania together with two suspects and "any other persons present to prevent the destruction or removal of evidence."

2. At approximately 6:36 P.M. on February 9, 2000, members of the Reading Vice Squad executed the warrant and searched four persons present at 115 W. Elm Street, Reading. One of the individuals present was [Appellee]. He was not one of the named suspects.

3. The affidavit of probable cause indicated that within 48 hours of the application for the search warrant, a confidential informant purchased 2 packets of heroin from an individual inside of 115 W. Elm Street and that "there was more than one person present who were directly or indirectly involved in the sale of heroin from within that address. And

personal observations during surveillance."

4. Seized from [Appellee] [were] a cell phone, paper, wallet containing identification and money and a set of keys, [all of which were later suppressed].

5. Seized from the toilet area were 100 packets of suspected heroin. . . .

(Trial Court Opinion, dated October 11, 2000, at 4–5). The trial court further states:

On February 10, 2000, [Appellee], was charged by criminal complaint with possession of heroin, possession with the intent to deliver heroin, conspiracy to possess heroin and conspiracy to possess heroin with the intent to deliver[.][1] . . .

---

1. Namely 35 [P.S.] § 780–113(a)(16) and 35 [P.S.] § 780–113(a)(30). Both conspiracy counts were 18 Pa.C.S.A. § 903(a)(1)(2).

On March 31, 2000, a preliminary hearing was held before Berks County District Justice Thomas H. Xavious, at which time the possession and possession with intent to deliver charges were dismissed for failure to establish a *prima facie* case.[2]

---

2. While some of the procedural details provided herein are not immediately relevant to the instant appeal, they are provided so that the Superior Court might have a full picture of their entire circumstance.

On April 5, 2000, the Commonwealth filed a new criminal complaint against [Appellee] again alleging all four of the aforementioned charges for the same incident. For purposes of clarity, this will be referred to as the second complaint.

On April 20, 2000, a preliminary hearing on the second complaint was continued by Berks County District Justice Michael J. Leonardziak as Defense Counsel was unprepared.[3] Hearing was continued until June 2, 2000.

---

3. This information on continuance and subsequent information as to continuances are all drawn from the files of the district justices involved.

On April 24, 2000, this Court arraigned [Appellee] on charges arising from the first complaint.

On June 2, 2000, [Appellee] filed an omnibus pre-trial motion in respect to the first complaint. On that same day, District Justice Leonardziak again continued the preliminary hearing on the second complaint, as the prosecution was not ready to proceed.

On June 16, 2000, the preliminary hearing on the second complaint was again continued as [Appellee] was not ready.

On June 23, 2000, the District Attorney's Office of Berks County submitted a letter withdrawing the charges against [Appellee] arising from the second complaint.

On June 28, 2000, an omnibus pretrial hearing was held in respect to the charges of the first complaint. At the outset of the hearing, the Commonwealth motioned to amend the information to add the previously dismissed possession and possession with the intent to deliver charges. [The trial court] denied the Commonwealth's motion.

On July 3, 2000, [the trial court] issued Findings of Fact and Conclusions of Law in respect to [Appellee's] pretrial motion. In said order, [the trial court] denied [Appellee's] petition for writ of *Habeas Corpus,* but did grant [Appellee's] motion to suppress certain items that had been illegally seized by police from [Appellee's] pockets, including a set of keys.

On July 12, 2000[,] the Commonwealth filed a third criminal complaint against [Appellee], alleging all four original charges stemming from this same incident.

On August 4, 2000, a preliminary hearing was scheduled before Berks County District Justice Deborah Lachina in respect to the third complaint. This hearing was continued as [Appellee] was unprepared.

On August 11, 2000, a preliminary hearing was held before District Justice Lachina on the third criminal complaint. In presenting their case, the Commonwealth failed to disclose the prior suppression ruling made by [the trial court] to Justice Lachina, and allowed evidence that had been suppressed by [the trial court] to be presented at the hearing. (N.T. Disposition Hearing, 8/21/00, p. 51). Earlier in this preliminary hearing, when [Appellee's counsel] had specifically raised the suppression issue, the Commonwealth claimed to have no knowledge of the suppression. (N.T. Disposition Hearing, 8/21/99, p. 45). At the conclusion of the hearing, the District Justice dismissed the possession and possession with intent to deliver charges and bound over the two conspiracy charges.

On August 14, 2000, at a disposition hearing for [Appellee] on the first criminal complaint, the Commonwealth made a second motion to amend the information. The Commonwealth again sought to add the previously dismissed possession and possession with the intent to deliver charges. At this time, Defense Counsel stated his intention to file a motion in response. A hearing on both motions was set for August 21, 2000. Defense Counsel subsequently filed a petition entitled "Petition for *Habeas Corpus* Relief And/Or Judicial Intervention Warranting Sanctions For Gross Prosecutorial Misconduct." The petition essentially alleged that due to the actions of the Commonwealth in repeatedly refiling charges against [Appellee], successively attempting to amend the information, and failing to disclose the suppression order at the August 11, 2000 Preliminary Hearing for the third criminal complaint that charges against [Appellee] should be dismissed.

On August 21, 2000, a hearing was held on [Appellee's] petition as well as the Commonwealth's motion to amend. Amendment was Denied by [the trial court] at the time of the hearing. The following day[,] [the trial court] issued an order denying [Appellee's] petition.

The remaining charges of the third criminal complaint against [Appellee] were subsequently withdrawn by the Commonwealth prior to arraignment.

On September 20, 2000, the Commonwealth filed a Notice of Appeal of [the trial court's] August 21, 2000 order denying amendment of the information to [this Court].[4] A final disposition of this docket number has been deferred pending the resolution of [the Commonwealth's] interlocutory appeal.

---

4. [The trial court notes] that the Commonwealth's Notice of Appeal as originally filed was in fact defective. [The trial court believes] that as the order appealed from did not conclude [Appellee's] case, it is unquestionably interlocutory in nature. *See* Pa. R.A.P. 341(b). As an interlocutory order, the Commonwealth may only pursue an appeal as of right from that order upon certifying that the order terminates or substantially hinders the prosecution. Pa.R.A.P. 311(d). Failure to properly certify that an interlocutory appeal terminates or substantially handicaps a prosecution will render the order unappealable. *Commonwealth v. Allburn,* 721 A.2d 363, ( [Pa.Super.] 1998) [, *appeal denied,* 559 Pa. 662, 739 A.2d 163 (1999) ]. The Commonwealth can also seek an interlocutory appeal by permission. Pa.R.A.P. 1311. Initially[,] the Commonwealth failed to do either and [the trial court] was prepared to find that this appeal was improvidently brought; however, on September 27, 2000, the Commonwealth filed an Amended Notice of Appeal, this time properly certifying this as an interlocutory appeal as of right

pursuant to Pa.R.A.P. 311(d). On this basis, [the trial court is] of the belief that this appeal has been properly and timely filed.

(Trial Court Opinion at 1–4).

¶ 4 The Commonwealth raises the following issues for our review:

I. WHETHER THE TRIAL COURT ERRED IN DENYING THE COMMONWEALTH'S MOTION TO AMEND THE INFORMATION FILED AGAINST [APPELLEE][?]

II. WHETHER THE TRIAL COURT ERRED WHEN IT APPLIED THE WRONG STANDARD IN DENYING THE COMMONWEALTH'S MOTION TO AMEND THE INFORMATION[?]

(Commonwealth's Brief at 3).

■ ¶ 5 Initially, we note our concern as to the propriety of the Commonwealth's appeal. Generally, the denial of a motion to amend a criminal information is interlocutory in nature and "is not appealable because it [does] not put the Commonwealth out of court." *Commonwealth v. Gore,* 279 Pa.Super. 622, 421 A.2d 372, 373 (1980). However, "In a criminal case ... the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

■ ¶ 6 Where an order denying the Commonwealth's motion to amend charges effectively precludes later review of that order on double jeopardy grounds, the Commonwealth may appeal that order as of right. *See In Interest of McCord,* 445 Pa.Super. 137, 664 A.2d 1046, 1049 (1995) (citing Pa.R.A.P. 311(d)) (holding Commonwealth may appeal order denying juvenile's transfer to adult court where double jeopardy would preclude later review of order after disposition in juvenile court).

■ ¶ 7 Under Pennsylvania law, the Commonwealth is precluded from trying a defendant a second time where: "(1) the former prosecutions resulted in an acquittal or in a conviction; (2) the instant prosecutions are based on the same criminal conduct or arose from the same criminal episode as the former prosecutions; (3) the prosecutor was aware of the instant charges before the commencement of the trials on the former charges, and; (4) the instant charges and the former charges were within the jurisdiction of a single court." *Commonwealth v. Bracalielly,* 540 Pa. 460, 470, 658 A.2d 755, 760 (1995) (citing 18 Pa.C.S.A § 110(1)(ii)).

■ ¶ 8 In the instant case, the police arrested Appellee and allegedly found him in possession of 100 packets of heroin. The Commonwealth has attempted to try Appellee for possession of heroin, possession with intent to deliver, conspiracy to possess, and conspiracy to possess with intent to deliver. The trial court dismissed the possession charges stemming from the arrest, and other trial courts have repeatedly denied Commonwealth's attempts to either refile or amend the dismissed possession charges. All charges the Commonwealth wishes to file against Appellee stem from the one incident, and are all part of the same criminal episode. *See Bracalielly, supra.* In addition, the prosecutor is currently aware of all the charges the Commonwealth wishes to bring, and all charges would fall within the jurisdiction of a single court. *Id.* Essentially, all charges the Commonwealth wishes to levy against Appellee stemming from this incident must be bought at the same trial. *See* 18 Pa.C.S.A. 110(1)(ii). Therefore, if the Commonwealth is precluded from appealing the present order, it will thereafter be precluded from trying Appellee on the possession charges. In effect, the trial court's order would become

a final, unappealable order. As we will discuss *infra*, this is not a case where "the Commonwealth remain[s] free to rearrest the accused and to bring him before another magistrate for another preliminary hearing." *See Gore, supra* at 373. Thus, the Commonwealth has a right to an interlocutory appeal, because the order will terminate or substantially handicap the prosecution. *See* Pa.R.A.P. 311(d).

¶ 9 The Commonwealth first argues that the trial court erred in denying the Commonwealth's second motion to amend the criminal information. Specifically, the Commonwealth contends that Appellee would not suffer prejudice if the trial court granted the Commonwealth's second motion to amend, because the Commonwealth gave Appellee adequate notice that the Commonwealth intended to bring the possession charges in relation to Appellee's activity. The Commonwealth concludes it should have been granted its second motion and permitted to amend its first criminal complaint to include the possession charges. We disagree.

■ ¶ 10 As an additional prefatory matter we note, "the Commonwealth must be free to present its case again even after it has failed to convince a neutral magistrate that it has a *prima facie* case." *Commonwealth v. Thorpe*, 549 Pa. 343, 701 A.2d 488, 490 (1997). The ability of the Commonwealth to re-present its case is not, however, limitless. *Id.*

> The Superior Court has held . . . that in a case in which the Commonwealth has repeatedly rearrested the defendant in order to harass him, or if the rearrest results in prejudice, the prosecution may be barred.
>
> \* \* \*
>
> In its review, therefore, the appellate court must consider whether the trial court **abused its discretion** in balancing the need of the Commonwealth to re-

present its case against the due process requirement that individuals shall be free of unreasonable and unnecessary government coercion.

*Id.* at 489–90 (emphasis added). *See also Commonwealth v. Small*, 559 Pa. 423, 450, 741 A.2d 666, 681 (1999), *cert. denied,* 531 U.S. 829, 121 S.Ct. 80, 148 L.Ed.2d 42 (2000).

■ ¶ 11 Although it is more often repeated in cases involving protection against double jeopardy, the idea that the government exercises unbridled power over a citizen is contrary to our fundamental notions of liberty. *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

> The underlying idea . . . ingrained in at least the [American] system of jurisprudence, is that the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Id.* at 187–88, 78 S.Ct. at 223–24, 2 L.Ed.2d at 204.

■ ¶ 12 There is also a limitation to the Commonwealth's right to attempt to refile or amend dismissed charges in the criminal information. *See* Pa.R.Crim.P. 229; Pa.R.Crim.P. 143; *Thorpe, supra* at 489. Specifically, the Commonwealth does not have the power to refile charges indefinitely. *Id.* Therefore, "if the Commonwealth's conduct intrudes unreasonably upon the due process right of individuals to be free from governmental coercion, the Commonwealth should not be permitted to present the case repeatedly before successive magistrates." *Id.* at 490. When the

Commonwealth repeatedly charges a defendant with previously dismissed charges, it may amount to harassment, barring further refiling of such charges. *Id.* at 489–90.

¶ 13 In the instant case, the Commonwealth made three separate attempts, before three independent magistrates, to bind the dismissed charges of possession and possession with intent to deliver. In each instance, the Commonwealth failed to meet its burden and the court dismissed the possession charges. At the preliminary hearing on its third criminal complaint, the Commonwealth even introduced evidence previously suppressed by the trial court, and denied having any knowledge of the suppression. The magistrate still dismissed the possession charges.

¶ 14 Even after the district justice bound Appellee for trial on the conspiracy charges, the Commonwealth continued to refile the conspiracy charges against Appellee, in an obvious effort to reinstitute the already dismissed possession charges. Throughout this process, Appellee remained incarcerated. Appellee's defense was in a constant state of flux. As the Commonwealth refiled, withdrew, and attempted to amend the complaint, Appellee's counsel was forced to reassess, revise, and reevaluate his defense, as the clock counted down towards trial.

¶ 15 In response to the Commonwealth's repeated attempts to reinstitute the possession charges, the trial court stated:

> The conduct of the Commonwealth ... is ... a category of abuse of the [Appellee's] rights. We do not believe that the Commonwealth should be able to repeatedly alternately seek reinstitution of charges through refiling and amendment *ad nauseam.* After three determinations that the charges were not applicable, the Commonwealth should realize that these charges are inappropriate and

> cease. We draw [the] line here and find that through its actions, the Commonwealth has prejudiced the [Appellee] by violating his ... Due Process Rights.

(Trial Court Opinion at 9–10). We conclude that the trial court properly exercised its discretion in so ruling.

■ ¶ 16 In the Commonwealth's second issue it argues that the trial court applied the wrong standard in denying the Commonwealth's motion to amend. The Commonwealth relies on case law that stands for the proposition that a defendant put on adequate notice of potential charges is not prejudiced. *Commonwealth v. Stanley,* 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979). The Commonwealth further argues the trial court should have permitted the amendment because, "absent a showing of prejudice, [an] amendment to the information ... is permissible." *Commonwealth v. Womack,* 307 Pa.Super. 396, 453 A.2d 642, 646 (1982). We disagree.

¶ 17 Rule 229 of the Pennsylvania Rules of Criminal Procedure sets forth the applicable standard for judging whether an information may be amended. The rule, in pertinent part, reads:

> The court **may** allow an information to be amended when there is a defect in the form, the description of the offense the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense.

Pa.R.Crim.P. 229 (emphasis added). Although the addition of new charges exceeds the plain language of Rule 229, our Courts have allowed the trial court the discretion to do so in certain instances. *See Commonwealth v. Holcomb,* 508 Pa. 425, 455, 498 A.2d 833, 848 (1985) (holding amendment that technically violated letter of Rule 229 was permissible because purpose of information was to apprise defen-

dant of charges so he could prepare adequate defense); and *Commonwealth v. Womack, supra* (holding amendment to information on the day of trial is permissible, if there is no showing of prejudice.)

¶ 18 The Commonwealth's position is flawed for two reasons. First, the Commonwealth assumes that lack of notice is the only way a defendant can be prejudiced. Such a narrow view of what constitutes prejudice is not warranted. *See Thorpe, supra.* Second, the Commonwealth ignores the language in *Womack, supra,* stating amendment of the information **is permissible.** The Commonwealth attempts to transform words of permission into words of mandate. The Commonwealth points to no authority that says amendment must be permitted. In fact, that argument is belied by case law stating that the decision to allow amendment lies solely within the discretion of the trial judge. *See Small, supra; Thorpe supra.* In denying the Commonwealth's motion to amend the information, the trial court held the actions of the Commonwealth prejudiced Appellee's due process rights. The applicable standard gives the trial court the discretion to allow amendment if it finds no prejudice. Therefore, the trial court used the correct standard in denying the Commonwealth's second motion to amend, because the Commonwealth's right to amend the information had reached its limit. *See Thorpe, supra.* Accordingly, we agree with the trial court's denial of the Commonwealth's second motion to amend the information to include the dismissed possession charges.

¶ 19 Furthermore, the Commonwealth asserts the reason it acted in this particular manner was that it "ha[d] been thrown a curveball by the precedent set forth in [*Commonwealth v. Moore,* 749 A.2d 505 (Pa.Super.2000) ]." (Commonwealth's Brief at 9). The trial court responded by asking this Court to clarify the applicability of *Moore* to this case. The Commonwealth contends *Moore* stands for the proposition that, without new evidence, the Commonwealth is barred from refiling dismissed charges. It further concedes that it has no new evidence to present. The Commonwealth asserts, however, that it should be allowed to refile its charges because *Moore* is not consistent with prior law, which allows the Commonwealth the opportunity to refile charges where there was a reasonable belief that the dismissal of charges by a district justice was in error. (Commonwealth's Brief at 9).

¶ 20 A careful reading of *Moore* makes clear that the presentation of new evidence is one way for the Commonwealth to refile dismissed charges in *habeas corpus* cases. The Court in *Moore* found that based on the facts presented to it, the Commonwealth could not garner sufficient evidence to prove a *prima facie* against the appellee and that the dismissal of the charges with prejudice was appropriate. *Moore* does not compel the Commonwealth to produce "new evidence" every time it wishes to refile criminal charges. *Moore* does, however, support the proposition that the Commonwealth must have sufficient evidence to prove its *prima facie* case and, if the Commonwealth does not possess sufficient evidence to do so, a trial court may properly preclude the Commonwealth from refiling those charges.

¶ 21 The Pennsylvania Supreme Court has held that **absent prejudice** to the defendant, the Commonwealth has the authority to refile dismissed charges with new or the same evidence. *See Liciaga v. Court of Common Pleas of Lehigh County,* 523 Pa. 258, 266, 566 A.2d 246, 249 (1989). If, however, the Commonwealth's actions have prejudiced a defendant, then it is appropriate for a trial court to deny the Commonwealth's request to amend or re-

The file the charges. *See Thorpe, supra.* Mindful of these holdings, we consider *Moore* to be consistent with the Supreme Court's decision in *Liciaga.* Under the circumstances of the instant case, we have already determined that the trial court properly found Appellee has suffered prejudice. This ruling is also consistent with prevailing law. *See Liciaga, supra; Thorpe, supra.*

¶ 22 Based on the foregoing analysis, we hold that the trial court properly denied the Commonwealth's second motion to amend its first criminal complaint where the Commonwealth repeatedly attempted to refile and/or amend its complaint to add charges that had been previously dismissed for continued failure to make a *prima facie* case. In addition, we hold that the trial court applied the proper standard under Pa.R.Crim.P. 229 and relevant case law to deny the Commonwealth's motion to amend. Accordingly, we affirm.[1]

¶ 23 Order affirmed.

---

1. The trial court suggests the Commonwealth has waived its right to challenge the denial of its second motion to amend, because it failed to file a timely appeal from the denial of its first motion to amend. We hesitate to agree particularly where the Commonwealth is allowed to refile and/or amend charges, so long as a defendant is not prejudiced. *See Liciaga, supra.*