J-A08028-18

2018 PA Super 152

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1392 EDA 2017 |
| CARLOS PEREZ | : | |

Appeal from the Order April 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0005268-2017

BEFORE:    PANELLA, J. LAZARUS, J., and STRASSBURGER,* J.

DISSENTING OPINION BY STRASSBURGER, J.:

I respectfully dissent. I write separately because I find that the Commonwealth's appeal is not interlocutory. Further, I would reverse the trial court's order because I find that the Commonwealth presented sufficient circumstantial evidence to establish a *prima facie* case against Perez.

In quashing this appeal as interlocutory, the Majority holds that the proper course of action for the Commonwealth was not to file an appeal of the trial court's order, but instead to refile the charges against Perez.

> [T]he determination of whether a dismissal of criminal charges is considered a final order rests upon the reason for the dismissal; if the defect which precipitated the dismissal may be cured by the Commonwealth, a subsequent appeal to this Court is considered interlocutory. … [A]n order dismissing the charges against a defendant based upon the Commonwealth's failure to establish a *prima facie* case has been considered interlocutory, as the Commonwealth may refile the criminal charges.

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Waller***, 682 A.2d 1292, 1294 (Pa. Super. 1996) (*en banc*) (citations omitted). However, there is a limit to how many times the Commonwealth may re-file charges.

> [T]he Commonwealth does not have the power to refile charges indefinitely. Therefore, if the Commonwealth's conduct intrudes unreasonably upon the due process right of individuals to be free from governmental coercion, the Commonwealth should not be permitted to present the case repeatedly before successive magistrates. When the Commonwealth repeatedly charges a defendant with previously dismissed charges, it may amount to harassment, barring further refiling of such charges.

***Commonwealth v. Medrano***, 788 A.2d 422, 427–28 (Pa Super. 2001) (citations and quotations omitted).

I find that limit has been met here, and that re-filing would not cure the dismissal. The Commonwealth already has re-filed the charges before a new judge once. Thus, there have been two preliminary hearings before two different judges. The Commonwealth argues on appeal that it presented sufficient evidence to make a *prima facie* case against Perez at the second preliminary hearing. Commonwealth's Brief at 11. While the Commonwealth may attempt to re-file charges and conduct a third preliminary hearing before a third judge, it simply does not make sense to have a third judge look at the same evidence to determine whether the Commonwealth presented a *prima facie* case. Insofar as the Majority finds to the contrary, the cases it relies

upon are factually distinguishable from this case.[1] Accordingly, I find that re-filing again would not cure the dismissal, and that therefore this appeal is from a final order.

Because I find that this appeal is properly before us, I next consider the merits of the Commonwealth's claim. The Commonwealth argues that it presented sufficient circumstantial evidence to establish a *prima facie* case against Perez, and the trial court erred in finding to the contrary. Specifically, the Commonwealth posits that its evidence established that

> following a previous confrontation, [Perez] provoked second fight with the victim moments before he was stabbed, had been seen making an arm movement toward the location of the fatal wounds moments before it occurred, attempted to flee the crime scene without his identification or credit card immediately after the stabbing, discarded his bloody shirt in a bathroom garbage can to

---

[1] ***See Commonwealth v. Karetny***, 880 A.2d 505 (Pa. 2005) (holding that this Court had jurisdiction to consider appeal from order quashing only felony charges against Karetny because otherwise Commonwealth would have been able to proceed only on misdemeanor charges); ***Commonwealth v. Carbo***, 822 A.2d 60 (Pa. Super. 2003) (*en banc*) (abrogated on different grounds) (reversing trial court's order that precluded the Commonwealth from re-filing charges based on a lack of newly discovered evidence); ***Commonwealth v. Singletary***, 803 A.2d 769 (Pa. Super. 2002) (disagreeing with Singletary's argument that the Commonwealth should not have been permitted to re-file charges when it inadvertently forgot to present certain evidence at the first preliminary hearing); ***Medrano***, 788 A.2d 422 (reviewing denial of Commonwealth's motion to amend its complaint after repeated re-filings); ***Commonwealth v. Price***, 684 A.2d 640 (Pa. Super. 1996) (reviewing whether Commonwealth appeal from order refusing to lift *nolle prosequi* was interlocutory); ***Waller***, 682 A.2d 1292 (reviewing whether trial court order that dismissed charges was interlocutory because Commonwealth failed to present any witnesses at trial after Waller changed his mind about pleading guilty); ***Commonwealth v. Jones***, 633 A.2d 185 (Pa. Super. 1993) (reviewing when the Commonwealth may seek to reinstate a charge dismissed by a magistrate by re-filing the same charge before a different magistrate).

conceal evidence, and then lied to the police about his
involvement.

Commonwealth's Brief at 10.  Upon review of the record, I agree with the

Commonwealth that it presented sufficient circumstantial evidence to make

out a *prima facie* case against Perez.  Accordingly, I would reverse the trial

court's order.