J-A18039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIM A. OGDEN | : | No. 138 WDA 2020 |

Appeal from the Order Dated January 16, 2020
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000494-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 18, 2020**

The Commonwealth appeals from the order denying its motion to amend the bill of information filed against Appellee Tim A. Ogden. The Commonwealth argues that the trial court erred in concluding that Appellee would suffer prejudice if it granted the Commonwealth's motion to add two additional charges, which it filed two days before trial. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On December 3, 2017, the state police received a report that an automobile accident had occurred on Rockton Mountain Highway, State Route 322, Pine Township, Clearfield County. Trooper Kerry Jodon responded to the scene at approximately 4:08 p.m. Two vehicles had been involved in the accident, [one] being a Ford Ranger and [the other] a Buick Rendezvous. Major damage to both vehicles was observed by Trooper Jodon. The operator of the Ford Ranger, [Appellee], was being transported to Penn Highlands DuBois Hospital. An EMT at the scene advised Trooper Jodon that an open Budweiser can was seen in [Appellee's]

console, [Appellee] stumbled as he exited his vehicle and smelled of alcohol.

The operator of the Buick Rendezvous was William Bloom. Mr. Bloom advised police that he was traveling west on SR-322 at approximately 35 mph. He saw [Appellee's] vehicle start to slide broadside, then slide completely broadside into Mr. Bloom's lane. The Bloom vehicle then hit the passenger side of [Appellee's] vehicle head on. Mr. Bloom's wife and passenger, Donna Bloom, age 78, suffered a serious wrist injury which required use of an affixation stabilizer. This necessitated Mrs. Bloom to have the device attached to her wrist with pins for a period of six (6) weeks. Trooper Jodon interviewed [Appellee] at the hospital at 5:45 p.m. It was observed that [Appellee]'s speech was slurred and his eyes were glassy; [Appellee] also had the smell of alcohol. Ultimately, [Appellee] refused a request for a chemical blood test. Trooper Jodon obtained a search warrant, and hospital testing showed [Appellee]'s blood alcohol content was 0.135%. From his investigation, Trooper Jodon believed that [Appellee] was responsible for the accident and [Mrs.] Bloom's injuries.

On April 16, 2018, Trooper Jodon filed criminal charges against [Appellee] at the office of Magisterial District Judge Patrick Ford. [The charges included aggravated assault by vehicle while driving under the influence (DUI)—75 Pa.C.S. § 3735.1(a); DUI—general impairment, 75 Pa.C.S. § 3802(a)(1); DUI—high rate of alcohol, 75 Pa.C.S. § 3802(b), and summary offenses including driving at an unsafe speed—75 Pa.C.S. § 3361, careless driving—75 Pa.C.S. § 3714, and reckless driving—75 Pa.C.S. § 3736.]

The preliminary hearing was set for May 18, 2018, which was waived by [Appellee, who was *pro se*]. The case proceeded through the criminal court system with various continuances being requested by [Appellee] and [Appellee's] counsel. Ultimately, [Appellee] waived his right to a jury trial and [a bench trial was scheduled for] January 16 and 17, 2020.

Trial Ct. Op., 4/11/20, at 1-2 (footnote omitted).

Two days before trial was scheduled to begin, the Commonwealth filed a motion to amend the criminal information to include two additional charges: aggravated assault by vehicle and recklessly endangering another person

(REAP).[1]  The trial court agreed to hear the motion before Appellee's trial on

January 16, 2020.

> At the motions hearing, the Commonwealth argued:
>
> As far as the law states, in order to amend the information, so long as it does not change the offense and is arising from the same set of facts and circumstances, then normally that would be permitted by the court.
>
> As far as the aggravated assault [by vehicle], there's already an aggravated assault by vehicle while DUI charge, so this [new charge] would essentially be the same offense without the DUI.
>
> As far as [REAP] . . . the original information charged reckless driving, and the serious bodily injury offense is contained within the aggravated assault by vehicle while DUI.  So, essentially, the elements are the same and the factual circumstances are the same.

N.T. Mot. Hr'g, 1/16/20, at 3.

> Appellee then responded:
>
> Respectfully, the defense would oppose the amendment to the information.  I received this proposition and motion for amendment on January 14th, two days prior to trial.
>
> Your Honor, these two charges that are being added are not lesser-included offenses but, in fact, different offenses.  As [the Commonwealth] has stated, they require a gross negligent aspect and a recklessness that my client and I have not had an opportunity to, obviously, prepare for.
>
> The [original] aggravated assault [charge] requires the DUI.  Your Honor, I would cite **Commonwealth v. Quinones**[, 200 A.3d 1004 (Pa. Super. 2018)] . . . in that case, the court recognized that a last-minute change to the information can, in fact, put the defendant in a position of prejudice due to the fact that there's not adequate time to prepare for these new charges.  Had this amendment been made anytime during the past two years, I

_____

[1] 75 Pa. C.S. § 3732.1(a) and 18 Pa.C.S. § 2705, respectively.

> supposed that we would have been able to argue it and have the [trial c]ourt make a decision and, at that point, had an opportunity to prepare our defense.
>
> But at this point, Your Honor, we would request that the [trial c]ourt leave the information as filed by the [Commonwealth].

*Id.* at 3-4.

The trial court explained that the Commonwealth "had a very extensive period of time to . . . file such a motion to amend" and "that doing it a couple days before the actual trial does cause prejudice to the defense." *Id.* at 4. After the trial court stated that it would deny the Commonwealth's motion and proceed to trial, the Commonwealth requested to certify the matter for an interlocutory appeal pursuant to Pa.R.A.P. 311(d). *Id.* at 5.

After the trial court sought to clarify the purpose of the Commonwealth's amendment, the Commonwealth explained:

> Your Honor, the concern, with candor – in the interest of candor towards the tribunal, and I have provided this information to [Appellee's counsel] once I found out about it, there's an issue with the blood testing at the hospital [that performed Appellee's blood draw] . . .
>
> I received an email a couple of days ago, this week sometime, when I was asking for information about [the hospital's testing] equipment . . . [the hospital representative stated that] the calibration documents had been purged. The other issue was this was an alcohol DUI; and because it was a medical draw, I didn't have . . . confirmation as to whether the draw was done with alcohol or Betadine.[2] Therefore, that was an issue as far as the alcohol DUI goes.

---

[2] When conducting a blood draw for a DUI case, providers must use special Betadine swabs for preparation, not alcohol swabs, so that the alcohol level in the person's blood is not altered. *See* 10A West's Pennsylvania Practice, Driving Under the Influence § 26:5 (2019 ed.).

- 4 -

I do have an issue of a refusal for the DUI, but there was a DL-26 that was filed – that was read to Appellee . . . which for some reason, hasn't been located.

So we do possibly have a refusal – we have a refusal; but as far as [Appellee's counsel], I know he's a good defense attorney and is going to raise the issue that we don't have the DL-26 that was read to Appellee.  I do have the testimony from the trooper.

So the DUI may not – I may not have evidence sufficient . . . to prove the DUI.  If I don't have the DUI, I don't have the agg[ravated] assault by vehicle while DUI.

*Id.* at 6-7.

The trial court responded:

With all due respect to what you're saying, all of this information that you're relaying should have been determined by the Commonwealth a considerable period of time ago.[3]  And basically from what you're saying, you're making a case for the defense as to the high level of prejudice that is to the defense under the circumstances, by wanting to come in here and amend the information immediately before trial starts.

*Id.* at 7.

After denying the Commonwealth's motion to amend the information, the trial court took a brief recess for the Commonwealth to provide legal authority under which it could take an interlocutory appeal.  *Id.*  Ultimately,

_____

[3] The trial court acknowledged that a new district attorney had recently been sworn in and that many of the assistant district attorneys were new.  *See* N.T. Mot. Hr'g at 7.  However, the trial court explained that "the change of the DA regime from one to the other in no way affects the duties and responsibilities that the Commonwealth, as its own entity, has in its dealings with this case or any other case." *Id.* at 8.  Further, the trial court indicated that it would not "use that as an excuse in regard to the procedural rights of [Appellee] and defense counsel." *Id.*

the trial court relied on **Commonwealth v. Brister**, 16 A.3d 530, 533-34 (Pa. Super. 2011) for the proposition that the Commonwealth may appeal an interlocutory order as of right where it certifies that the order will terminate or substantially handicap the prosecution. **Id.** at 13.

The Commonwealth filed a timely notice of appeal[4] on January 27, 2020 and subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion asserting that it properly denied the Commonwealth's motion.

On appeal, the Commonwealth raises one issue:

Did the trial court err when it denied the Commonwealth's motion to amend information?

Commonwealth's Brief at 6.

Initially, we must address our jurisdiction over the Commonwealth's appeal. **See Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (stating that "[w]e may raise issues concerning our appellate jurisdiction *sua sponte*." (citation omitted)). Generally, Rule 311(d) is "invoked in appeals addressing the admission or exclusion of evidence." **Commonwealth v. Woodard**, 136 A.3d 1003, 1005 (Pa. Super. 2016)

---

[4] The Commonwealth certified that the trial court's order denying its motion to amend the information would substantially handicap the prosecution. **See** Pa.R.A.P. 311(d) (stating that "[i]n a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").

(citation omitted). However, "[i]n addition to evidentiary rulings, appellate courts have recognized the right of the Commonwealth to appeal several types of non-evidentiary pretrial orders." *Id.* (citations omitted). Nonetheless, we "will not accept blindly the Commonwealth's certification of substantial hardship when appeal is sought for non-evidentiary interlocutory orders." *Id.* (citations and quotation marks omitted).

Here, the Commonwealth certified that the trial court's order would substantially handicap its prosecution pursuant to Pa.R.A.P. 311(d). Further, prior decisions by this Court confirm that the Commonwealth has the right to appeal from an order denying its motion to amend a criminal information. *See Commonwealth v. Medrano*, 788 A.2d 422, 426 (Pa. Super. 2001) (stating that "where an order denying the Commonwealth's motion to amend charges effectively precludes later review of that order on double jeopardy grounds, the Commonwealth may appeal that order as of right." (citation omitted)); *see also Commonwealth v. Jones*, 826 A.2d 900, 906 (Pa. Super. 2003) (explaining that "[i]f the Commonwealth has no opportunity to obtain appellate review of an adverse pre-trial interlocutory order implicating double jeopardy concerns, such review will never occur because the Commonwealth cannot try a defendant for a second time if the first prosecution results in an acquittal."). Therefore, we conclude that the Commonwealth's appeal is properly before us.

We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. ***See Commonwealth v. Small***, 741 A.2d 666, 681 (Pa. 1999). As we have explained,

> [a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill -will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

***Commonwealth v. Belknap***, 105 A.3d 7, 10 (Pa. Super. 2014) (citations omitted and some formatting altered).

Rule 564 of the Pennsylvania Rules of Criminal Procedure provides as follows:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." ***Commonwealth v. Sinclair***, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be

- 8 -

bound by a literal or narrow reading of the procedural rules." ***Commonwealth v. Grekis***, 601 A.2d 1284, 1289 (Pa. 1992).

When presented with a question concerning the propriety of an amendment, we consider:

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amend[ment] is not permitted.

***Commonwealth v. Mentzer***, 18 A.3d 1200, 1203 (Pa. Super. 2011) (citations omitted).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

***Sinclair***, 897 A.2d at 1223 (citation omitted).

In determining whether a defendant would suffer prejudice, we consider the following factors:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was

- 9 -

necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Mentzer*, 18 A.3d at 1203 (citation omitted).

Here, Appellee was originally charged with three summary traffic offenses and three DUI offenses, included aggravated assault by vehicle—DUI, which is defined as follows:

**§ 3735.1. Aggravated assault by vehicle while driving under the influence**

**Offense defined.—**Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a).

The Commonwealth's proposed amendment included two new charges, aggravated assault by vehicle and REAP, which are defined as follows:

**§ 3732.1. Aggravated assault by vehicle**

**(a)** **Offense.—**Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a).

**§ 2705. Recklessly endangering another person**

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.

The Commonwealth argues that Appellee would not have been prejudiced by the proposed amendment, as "[t]he amended charges involve the same basic elements and evolved out of the same factual situation." Commonwealth's Brief at 15-16. Further, the Commonwealth asserts that although Appellee waived his right to a preliminary hearing, the facts underlying the offenses have been the same throughout the proceedings. *Id.* The Commonwealth concedes that the description of the charges would have changed based on the proposed amendment, but argues that aggravated assault by vehicle and aggravated assault—DUI have "the same elements **except** the added charge has one **less** element (that he be convicted of DUI). Further, the aggravated assault by vehicle offense [requires recklessness, which is] a higher intent element." *Id.* at 16. (emphases in original, some formatting altered). Nonetheless, the Commonwealth asserts that "[t]here is no conceivable way that the defense strategy would have changed . . . [i]f [Appellee] intended to argue that he did not negligently cause bodily injury then it would logically follow that he did not act recklessly or grossly negligently." *Id.* at 18. Further, with respect to the timing of the motion to amend, the Commonwealth faults Appellee for failing to "request a continuance in order to have time to prepare or modify his defense to the new charges." *Id.*

Appellee responds that the Commonwealth did not act in "good faith" when it requested to certify this matter for appeal. Appellee's Brief at 10. Appellee argues that "the Commonwealth was ill-prepared to proceed to trial" and that "[b]y asking for an amendment to the information at the last minute and filing a subsequent appeal, the Commonwealth now has many months to prepare for trial." *Id.* Relying on the trial court's Rule 1925(a) opinion, Appellee asserts he would have suffered prejudice if the trial court had granted the Commonwealth's motion to amend the information. *Id.* at 7.

In its Rule 1925(a) opinion, the trial court addressed its decision to deny the Commonwealth's proposed amendment as follows:

> In the case at bar, [Appellee] was *pro se* during the preliminary hearing phase and did not have a full hearing, but rather waived the charges into court. While factors 1, 2 and 4 could be vigorously argued on both sides, factors 5 and 6 are clear. If the amendment to the information would have been permitted, [Appellee] would certainly have to change the defense strategy. The charges set forth in the original information all involved driving under the influence as an element of the offense. The proposed amended charges have different elements. Given the fact that the Commonwealth admitted that there were "issues" with the DUI charges, an amendment to the charges would force a change in defense strategy.
>
> Additionally, the timing of the motion to amend [the] information did not allow for ample notice and preparation for the defense. Had th[e trial c]ourt granted the Commonwealth's motion, it would have been in direct violation of Rule 564, and [Appellee] would have had no choice but to request a continuance to adequately prepare for trial. Therefore, it is clear that [Appellee] would have been unfairly prejudiced had the Commonwealth's motion been granted. Th[e trial c]ourt acted in fairness and with justice in denying the motion. The argument made by the Commonwealth that the new charges have less elements and should be easier to defend is misplaced.

- 12 -

Trial Ct. Op. at 4 (footnote omitted).

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying the Commonwealth's motion to amend the information. *See Small*, 741 A.2d at 681; *see also Belknap*, 105 A.3d at 10. As discussed above, the original information charged Appellee with three DUI-related offenses, including aggravated assault by vehicle—DUI, which required a DUI conviction as an element of the offense. *See* 75 Pa.C.S. § 3735.1(a). Although the new charges of REAP and aggravated assault by vehicle were based on the same underlying incident, neither offense required proof of a DUI. *See* 75 Pa.C.S. § 3732.1(a); *see also* 18 Pa.C.S. § 2705. As such, the elements were materially different, and Appellee would have been required to change his defense strategy to address the new charges. *See Mentzer*, 18 A.3d at 1203. Further, given that the Commonwealth filed its motion to amend two days before trial, Appellee did not have ample notice to prepare. *See Sinclair*, 897 A.2d at 1221. Therefore, the trial court acted within its discretion by concluding that the proposed amendment would cause prejudice to Appellee. *See id; see also Small*, 741 A.2d at 681. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/18/2020