416 A.2d 1108

**COMMONWEALTH of Pennsylvania**

v.

**Charles VESSELLS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 1979.

Filed Dec. 21, 1979.

102

Norman Ackerman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Section, by the defendant-appellant, Charles Vessells, after conviction by a jury of murder in the third degree, possession of an instrument of crime and aggravated assault on one James Jarmen. He was acquitted of four charges of robbery. The Commonwealth nolle. prossed four other charges. Post-trial motions were denied. He was sentenced on the murder charge to imprisonment for not less than six (6) nor more than fifteen (15) years; on the charge of possession of an instrument of crime, he was sentenced to imprisonment for not less than one (1) year nor more than

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County Pennsylvania, are sitting by designation.

five (5) years, said sentences to run concurrently with the murder sentence; and on the aggravated assault charge to not less than two (2) years nor more than six (6) years to run concurrently with the murder sentence.

The facts are briefly as follows:

The trouble started when the defendant went to a house at 2056 Moravian Street, Philadelphia, during the early afternoon of February 9, 1977. The nature of the establishment is sufficiently gathered from testimony of Commonwealth witnesses that on his arrival there were nine young men present, five of them were known by women's names, four were dressed in women's clothes and some were wearing panties, bras and wigs. The Commonwealth witnesses testified that the defendant robbed the group at gunpoint. The tenth person McCausland, was stabbed fatally. McCausland had come to the outer door and in a hand to hand encounter with the defendant he sustained his fatal wounds.

The defendant's story is that he had been directed to the address by his aunt, as a place where he could obtain excellent marijuana. He claims that he was sold inferior material, demanded his money back and was attacked by the group which required his defense by use of his knife. The evidence must, of course, be reviewed in the light most favorable to the verdict winner. *Commonwealth v. Strand*, 464 Pa. 544, 347 A.2d 675 (1975).

There was testimony that the defendant seized one of the group, Jetter, and put a knife at his head while he led a search for money and drugs; that he hit another with a cast iron skillet; that he hit a third with a curling iron; and that the group was made to throw all their money into a pile on the floor; and that Jarmen, one of the group, was kicked in the head and stabbed in the chest. The testimony was corroborated.

The defendant on arrest was found to have sixty-two ($62.00) dollars in paper money, crumbled in a ball, in his pocket. McCausland, the decedent, sustained three deep stab wounds; two in the chest, one in the abdomen and

numerous incised stab wounds of the face, lower lip and arms. The chest and abdominal wounds penetrated stomach, liver and pancreas.

In the police interrogation reduced to writing and signed by the defendant he admitted stabbing Jarmen and McCausland but asserted that he was defending himself from attack by the group when he demanded his money back for the inferior marijuana and that McCausland was beating him with his fists as he tried to escape. The jury, as fact finder, could resolve the discrepancy in the two versions and did so by convicting the defendant.

■ The defendant complains that the nineteen hour delay in arraignment rendered the statement given by the defendant inadmissible at trial.

The arrest was made at 2:50 P.M., two blocks from the scene. The defendant was then taken to the Graduate Hospital to determine whether the victims could identify him. He was at the Central by 4:00 P.M. and was interrogated from 5:20 P.M. to 8:10 P.M. and was arraigned at 10:30 A.M. the next morning. The defendant admitted immediately his presence at the scene and his participation in the stabbing. He only sought to explain why it happened. The delay, under the circumstances was not unreasonable. The statement was given in the first interrogation by the police and was voluntarily given. *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975). The defendant described his injury as a dislocated shoulder; *stated* that he was not given any medical treatment and was chained to a chair for hours. Circumstances and other testimony refuted this claim. The shoulder dislocation was a recurrent thing and he refused treatment. Also, his testimony at trial reiterated his testimony in the statements. *Commonwealth v. Greene*, 456 Pa. 195, 317 A.2d 268 (1974).

■ The contention that the statement and items taken from the defendant were the result of an illegal arrest due to lack of probable cause is without merit. He was apprehended as the result of a radio broadcast specifically describing him and his clothing and when stopped two blocks

from the scene, he had blood on his hand and pocket a short time after the incident.

To determine the existence of probable cause a police officer must reasonably believe that criminal activity is afoot. It is only the probability and not a prima facie showing of criminal activity that is a standard of probable cause. Under the circumstances of this case, it is clearly evident that probable cause existed. Where there is probable cause to arrest, a search incident thereto is permissible. *Commonwealth v. Dennis*, 236 Pa.Super. 348, 344 A.2d 713 (1975).

■ The defendant also complains that it was error to dismiss a Motion for Mistrial because of testimony that the defendant was taken for a polygraph examination. This testimony was elicited by defendant's attorney on cross-examination, knowing the response he would get and he was offered cautionary instruction by the court, which was refused. This claim is without merit. *Commonwealth v. Cain*, 471 Pa. 140, 369 A.2d 1234 (1977).

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.

This decision was reached prior to the death of MANDERINO, J.