453 A.2d 642

**COMMONWEALTH of Pennsylvania**

v.

**Robert WOMACK, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied March 22, 1983.

398

Harry L. Clark, Philadelphia, for appellant.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

On July 18, 1980, appellant, Robert Womack, was found guilty of Rape[1] and Criminal Conspiracy.[2] Following the jury's verdict, appellant's trial counsel failed to file post-verdict motions pursuant to Pa.R.Crim.P. 1123.[3] Instead, counsel attempted to file post-trial motions nunc pro tunc on January 26, 1981, the date of sentencing. The trial judge

1. Act of 1972, December, 6, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 3121.

2. *Id.* 18 C.P.S.A. § 903.

3. According to the Pennsylvania Rules of Criminal Procedure, Post-Verdict Motions must be filed within ten days after a finding of guilt. Pa.R.Crim.Pro. 1123.

denied the request,[4] and imposed sentence. Shortly there-after, appellant filed a pro se Notice of Appeal to this court.[5]

Appellant raises the following contentions for our review: (1) The trial court committed reversible error by granting the Commonwealth's pre-trial motion to amend the information; (2) closing argument by the District Attorney amount-ed to prosecutorial overreaching; (3) the trial court commit-ted reversible error in allowing a Commonwealth witness to express an opinion without a proper foundation being laid, and; (4) trial counsel was ineffective for failing to pursue a pretrial motion to suppress evidence, and for failing to thoroughly prepare his client's case for trial. Appellant's contentions are without merit and we, therefore, affirm the lower court's judgment of sentence.

Appellant's first contention is that the trial court commit-ted reversible error by granting the Commonwealth's pre-trial motion to amend the information, adding the charge of Criminal Conspiracy. Specifically, appellant argues that the amendment irreversibly prejudiced his case because he was denied adequate notice of all pending charges, as well as, adequate time to prepare a defense to the additional charge. No request was made for a continuance in order to prepare for the new information, as provided for by Pa.R.Crim.P. 229. *See Commonwealth v. Fowler,* 259 Pa.Super. 314, 320, 393 A.2d 844, 847 (1978).

This issue was not raised in post-trial motions and, therefore, the merits of this issue have not been properly preserved for appellate review. *Commonwealth v. Whitner,* 278 Pa.Super. 175, 420 A.2d 486 (1980); *Commonwealth v. O'Brien,* 273 Pa.Super. 198, 417 A.2d 236 (1979). However, appellant's brief couches the issue within the context of an

4. The trial judge denied the nunc pro tunc motions and considered all the issues raised by appellant as waived for appellate review because appellant had not given any valid reason for his failure to comply with Pa.R.Crim.P. 1123. *See Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

5. Appellant was represented throughout his trial and sentencing by Harvey Booker, Esquire. Following appellant's pro se motion for appeal, present counsel, Harry L. Clark, Esquire, was appointed.

ineffective assistance of counsel claim, in that trial counsel failed to preserve his original objection to the amendment by failing to file post-trial motions. Since this appeal represents the earliest opportunity at which appellant is represented by new counsel, the issue is properly before us at this time. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

■ The standard of review in determining whether or not counsel has rendered ineffective assistance necessitates an initial inquiry into whether the underlying claim is of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). If the underlying claim is found to be of arguable merit, only then may we proceed to determine whether there was some reasonable basis for counsel's actions designed to protect his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

■ Pennsylvania Rule of Criminal Procedure 225 provides:

(a) In counties in which the indicting grand jury has been abolished, after the defendant has been held for court, the attorney for the Commonwealth either shall move to nolle prosequi the charges or shall proceed by preparing an information and filing it with the Court of Common Pleas.

According to Pennsylvania Rule of Criminal Procedure 229, after the information or indictment is issued:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

In determining whether an additional or different offense has been added by the amendment, the courts look to

whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information.

Applying these standards, our court in *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), upheld a substantive amendment to an information because it found that appellant was in no way prejudiced by the change. The court emphasized that appellant's defense to the charge was unaltered, and it was evident that he had been thoroughly informed of the underlying events giving rise to the charges. *See also, Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979); *Commonwealth v. Yohn,* 271 Pa.Super. 537, 414 A.2d 383 (1979).

In the case at bar, appellant and his co-defendant were arrested and charged with criminal conspiracy, criminal attempt of involuntary deviate sexual intercourse, simple assault, kidnapping, rape, robbery, unlawful restraint, indecent assault, theft, recklessly endangering another person and receiving stolen property. At the preliminary hearing, on February 27, 1980, the court held that a prima facie case had been proven by the Commonwealth against both defendants on all charges except robbery, which was dismissed. Though the court failed to include conspiracy in its concluding remarks, in the preliminary hearing disposition report, signed by the judge and filed with the prothonotary, criminal conspiracy was listed as one of the offenses for which appellant was being held. Pursuant to Pa.R.Crim.P. 225, the District Attorney issued bills of information which, however, did not include the charge of criminal conspiracy. The day of the trial, July 15, 1980, the court granted the Commonwealth's motion to amend the informations of appellant and his co-defendant to include the charge of Criminal Conspiracy.

We conclude that absent a showing of prejudice, the amendment to the information, even on the day of trial, was permissible. *See Yohn, supra.* Instantly, appellant was clearly aware that his conduct included a potential criminal

conspiracy charge. The complaint filed against appellant and his co-defendant included the charge of criminal conspiracy and, the preliminary hearing disposition report, signed by the judge, also contained the charge. Moreover, appellant was tried together with his co-defendant at every stage of the proceedings, and the victim testified at the preliminary hearing that appellant and his co-defendant had acted together. In addition, the consent defense, pursued by appellant and his co-defendant, was not affected by the addition of conspiracy. Appellant maintained throughout the trial that the intercourse was consensual. Appellant has not shown how the amendment changed this defense. Furthermore, although Pa.R.Crim.P. 229 allows for a continuance in order to prepare for the new information, no such request was made by appellant. *Fowler, supra* (failure to request continuance after information amended indicates that amendment caused no prejudice).

Though conspiracy is a different offense from those listed in the original informations, requiring proof of an additional element, unlawful agreement, we find that appellant had notice of the charge and was not prejudiced by the amendment. Therefore, the trial court did not err in allowing it, and trial counsel can not be found ineffective for failing to raise it in his post-trial motions. *See Commonwealth v. Weathersel*, 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978).

Appellant's second contention is that the prosecutor's closing summation amounted to overreaching. Appellant argues that the prosecutor committed reversible error when he; (1) commented that certain defense witnesses never appeared in court to corroborate appellant's testimony, (2) suggested that the mother of appellant's co-defendant was biased and, (3) asked the jury to question the truthfulness of appellant's testimony.

As with appellant's first contention, this issue was not preserved by a timely filing of post-trial motions. However, the issue is properly before us on appeal because it is couched in ineffectiveness of counsel terms.

Concerning the closing argument by the prosecutor, the Pennsylvania Supreme Court has adopted the A.B.A. Standards Relating to the Prosecution Function. *Commonwealth v. Van Cliff,* 483 Pa. 576, 397 A.2d 1173 (1979); *Commonwealth v. Starks,* 479 Pa. 51, 56, 387 A.2d 829, 831 (1978). The A.B.A. Standards include the following:

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

A.B.A. Standards Relating to the Prosecutorial Function, Section 5.8 (Approved Draft, 1971)

 Nevertheless, our courts recognize that not every intemperate or improper remark by the prosecutor requires a new trial. *Commonwealth v. Jarvis,* 482 Pa. 598, 394 A.2d 483 (1978); *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977). Rather, before a new trial is required, the language must be such that its "unavoidable effect... would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Mikesell,* 475 Pa. 589, 595, 381 A.2d 430, 433 (1977); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 61, 337 A.2d 873, 882 (1975); *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968).

■ In the case at bar, the prosecutor made reference to the fact that witnesses, appellant claimed could exonerate him, never testified at trial. The prosecutor inferred that if they had appeared their testimony would have been unfavorable to the appellant. These remarks were permissible. The Pennsylvania Supreme Court has held that, when a defendant relies on the existence of alibi witnesses who knew him, but does not call those witnesses, the jury may infer that the absent testimony would be adverse, *Commonwealth v. Wright,* 444 Pa. 536, 541, 282 A.2d 323, 325 (1971), and the prosecutor may ask the jury to draw that conclusion. *Commonwealth v. Johnson,* 457 Pa. 554, 327 A.2d 632 (1974). The witnesses mentioned in appellant's version of the rape are clearly in the same category as the alibi witnesses in *Wright* and *Johnson* and the comment was allowable.

■ The prosecutor also made a remark that the testimony of the co-defendant's mother was biased. The appellate courts have held that a prosecutor may properly argue that relatives are more likely to be biased or interested in the outcome of the case, and this factor should be considered by the jury in giving weight to that type of testimony. *Commonwealth v. Van Cliff, supra; Commonwealth v. Gunderman,* 268 Pa.Super. 142, 407 A.2d 870 (1979). Thus, the comment was permissible.

Finally, appellant objects to the prosecutor's reference to appellant's credibility. Specifically, appellant argues that the prosecutor expressed his personal opinion of appellant's guilt by stating at the end of his argument that "I submit" the Commonwealth evidence "could not all be wrong".

■ It is well settled that a prosecutor is free to argue the reasonable inferences supported by the record. *Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976); *Commonwealth v. Maloney,* 469 Pa. 342, 365 A.2d 1237 (1976). The prosecutor may argue that the evidence proves the defendant guilty as charged. *Joyner, supra; Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974).

■ In the case at bar, the prosecutor, in reviewing the appellant's testimony, framed his observations as questions for the jury. The prosecutor did not argue that the jury should find appellant guilty simply because he believed the appellant to be guilty; rather, the prosecutor permissibly argued that the evidence proved appellant's guilt. This was allowable. *See Commonwealth v. Smith,* 490 Pa. 380, 416 A.2d 986 (1980); *Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127 (1974); *Commonwealth v. Hoffman,* 439 Pa. 348, 266 A.2d 726 (1970); *Gunderman, supra; Commonwealth v. Tolassi,* 258 Pa.Super. 194, 392 A.2d 750 (1978).

Even if the comment by the prosecutor was improper by use of the words "I submit", it was not so prejudicial that the jury became incapable of exercising its independent judgment, thus requiring a new trial. *Stoltzfus, supra.* Any possible prejudice created by the statement was cured by the trial court's instructions to the jury that they alone were to assess the witness' credibility. *Gunderman, supra.* Since appellant's contention that the prosecutor's closing amounted to overreaching is meritless, trial counsel can not be held ineffective for failing to raise the issue in timely post-trial motions. *Weathersel, supra; Wilson, supra.*

Appellant's third contention is that the trial court committed reversible error in allowing the Commonwealth witness, Jerry Gordon, to express an opinion of whether the victim, Ms. Holmes, was intoxicated or on drugs the night of the incident.[6]

Mr. Gordon was the first person to see the victim after the alleged rape. He testified at trial that the complainant did not appear to be under the influence of drugs or alcohol when he observed her. The opinion testimony was admitted by the court over objection of defense counsel. Appellant argues that the Commonwealth failed to lay a proper foundation for the admission of this testimony.

**6.** As with appellant's first and second contentions, this issue was not preserved by a timely filing of post-trial motions. However, the issue is properly before us on appeal, because it is couched in ineffectiveness terms.

■ Intoxication is a matter of common knowledge, and opinions given by lay people are permissible on the issue. *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 389 A.2d 1113 (1978). However, the lay witness must have sufficient facts on which to base his opinion before he can express an opinion on another's intoxication. *Commonwealth v. Hughes,* 480 Pa. 311, 389 A.2d 1081 (1978). *See also Commonwealth v. Summers,* 269 Pa.Super. 437, 410 A.2d 336 (1979) (court concludes witnesses' observations of the way the person looked and the way he was walking provided sufficient factual basis for witness to conclude a person was intoxicated). The court also looks to the witness' personal knowledge and observation. *Commonwealth v. Davenport,* 255 Pa.Super. 131, 386 A.2d 543 (1978).

In the case at bar, the witness, Jerry Gordon, testified that the victim of the alleged rape came into his home and sat at the table. Mr. Gordon observed the victim as she walked into the house to call the police. The victim talked to Mr. Gordon, and at one point, she was within six inches of Mr. Gordon, and he testified that he did not smell any alcohol on her breath. We take note, that the policeman who arrived at Mr. Gordon's address to pick up the victim also testified as to whether the victim was under the influence of alcohol or drugs, essentially reaching the same conclusion as Mr. Gordon. Appellant does not object to this testimony.

■ Mr. Gordon's testimony provided a sufficient factual basis for his opinion and, therefore, a proper foundation was laid. It was up to the jury to accept or reject his testimony. Therefore, the trial court did not abuse its discretion in permitting the jury to hear and weigh the testimony of Mr. Gordon. We find no reversible error. Thus, trial counsel cannot be found ineffective for failing to raise this issue in a timely post-trial motion. *Weathersel, supra; Wilson, supra.*

Appellant's fourth and final contention is that trial counsel was ineffective for failing to pursue a pre-trial suppression motion and for failing to properly prepare his case

before trial. We will consider these two assertions of error separately.

The first part of this issue concerns trial counsel's failure to pursue a pre-trial motion to suppress evidence. The motion was filed by appellant's co-defendant and withdrawn at the commencement of the trial. It sought to exclude from evidence items seized from co-defendant's home, where the arrest was made. At the time of the arrest, police recovered a bracelet belonging to the victim, which was on the wrist of the co-defendant. Police later obtained a search warrant to recover a necklace and a hat belonging to the victim, as well as the sheets on the bed where the rape occurred. The police executed the warrant and recovered the victim's hat and necklace and also seized the co-defendant's bedsheets. Appellant contends counsel should have filed a motion to suppress this evidence.

■ Initially, we note that the seizure of the victim's bracelet was proper, as it was incident to a valid arrest. *See Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *Commonwealth v. Vessells,* 273 Pa.Super. 100, 416 A.2d 1108 (1979), *Commonwealth v. Dennis,* 236 Pa.Super. 348, 344 A.2d 713 (1975).

■ Concerning the seizure of the hat, necklace and bedsheets, we are confronted with the question of whether appellant has standing to contest the second search of the co-defendant's home, which was conducted pursuant to a search warrant. The United States Supreme Court has held in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), that being legitimately on the premises does not, of itself, suffice to give standing to an individual to contest a search conducted in his presence. Clearly appellant in this case neither occupied nor possessed the room in appellant's home. Appellant did not live at the co-defendant's home, he was simply a visitor. Thus, he did not have a reasonable expectation of privacy. *See Rakas, supra; Commonwealth v. Treftz,* 465 Pa. 614, 351 A.2d 265 (1976). Therefore, appellant lacked standing to contest the second search.

Assuming arguendo, that appellant did have standing to contest the second search, the search was properly conducted pursuant to a search warrant obtained, based on evidence given by the victim, which was sufficient to support a finding of probable cause. Hence, trial counsel cannot be held ineffective for failing to pursue the meritless suppression motion.

Finally, appellant argues that trial counsel was ineffective for failing to properly prepare his case before trial. The sole basis for this contention is trial counsel's failure to interview Commonwealth witness Jerry Gordon before trial.

It is well settled that an allegation of ineffectiveness of counsel based on lack of preparation is insufficient to warrant the relief of a new trial absent a showing that more preparation would have led to results beneficial to the defense. *See Commonwealth v. Wallace,* 495 Pa. 295, 433 A.2d 856 (1981); *Commonwealth v. Ford,* 491 Pa. 586, 421 A.2d 1040 (1980).

In the instant case, it is admitted that counsel did not interview Mr. Gordon. However, appellant does not tell us of what usefulness a pre-trial interview with the Commonwealth witness would have been. Instead he asserts that had counsel interviewed the witness before hand, he would have decided not to call him to the stand. Mr. Gordon was called by the prosecution, not the defense.

A review of the record reveals that defense counsel cross-examined the witness very effectively. On cross-examination, Mr. Gordon admitted he was not an expert in determining whether someone was under the influence of drugs and that he could not conclusively state that the victim was not under the influence of drugs or alcohol, when he observed her, on the night of the rape.

Appellant's speculation that counsel could have been better prepared is meritless and trial counsel cannot be held

ineffective, absent a showing of how more preparation would have led to better results.

Judgment of sentence affirmed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I respectfully dissent. I concur in the majority's determination of all but Appellant's second contention concerning overreaching by the prosecutor in his closing summation. The issue has been formulated in terms of ineffective assistance because Appellant's trial counsel failed to specifically object and failed to file post-verdict motions on behalf of Appellant.

Concerning ineffectiveness of counsel claims, it is well-settled that counsel's assistance is deemed constitutionally effective once we are able to conclude that a particular course chosen by counsel has some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). A two-step analysis is used to examine a claim of ineffectiveness:

> The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard, supra.*

*Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–99, 427 A.2d 231, 232 (1981).

The statements at issue, as made by the prosecutor in reference to the man named Dwight were:

> Now, this man, who incidentally told Mr. Womack that he was afraid of getting arrested, said he never asked him his name. Can you believe that if any of you were

charged with rape, if you thought there was an individual who could free you, could come into court and say, "This is what happened," wouldn't you at least get his last name and give it to your attorney? Wouldn't you try to find out where he is?

You know, both of them talked about the seriousness of this offense, and yet Mr. Womack did not ever get the last name of this man who is not in court, who could free them; who could testify on their behalf. Why?

Why are they saying that the man who talked, the man who offered them the money, the man who did not come forth with the money, is not here? Isn't it convenient? Isn't it very very convenient?

(Notes of Testimony, 7/18/80, pp. 626–27.)

The majority states that the man named Dwight who was mentioned by Appellant in his testimony is in the same category as an alibi witness. I disagree.

Appellant testified that Dwight had offered the victim money for consensual sex and then refused to pay the victim after he and Appellant, among others, had had sex with the victim. Appellant further testified that he did not know Dwight's last name or where he lived.

Even had Dwight appeared at trial, his testimony would not necessarily have exculpated Appellant. The testimony concerning Dwight's role as a *participant* in the incident does not lead to the conclusion that Dwight was an *alibi* witness. Alibi involves a mode of defense and evidence that a party accused of a crime was at a different place than the scene of the crime.

It was improper for the prosecutor to imply that a negative inference could be drawn from Appellant's failure to call Dwight as a witness where Appellant has given, in my opinion, a satisfactory explanation as to why Dwight did not appear at trial. *Commonwealth v. Matt,* 295 Pa.Super. 293, 441 A.2d 1239 (1982); *Commonwealth v. Harley,* 275 Pa.Super. 407, 418 A.2d 1354 (1980). Also, it is unlikely that Dwight would have made himself available to testify in any

event because of Appellant's implication of him as a co-defendant to the crimes. *See Commonwealth v. Harley, supra* (no negative inference may be drawn from a party's failure to call a witness when that witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth).

Although a prosecutor must have reasonable latitude in presenting his arguments to the jury and in responding to the arguements of defense counsel, *Commonwealth v. Dozier,* 294 Pa.Super. 249, 439 A.2d 1185 (1982), the comments in the instant case exceeded those bounds. Their unavoidable effect was to create a fixed bias and hostility toward Appellant in the juror's minds. *See Commonwealth v. Smith,* 289 Pa.Super. 356, 433 A.2d 489 (1981).

Therefore, as this issue was of arguable merit and no reasonable basis for trial counsel's failure to object could exist in this case, I would hold Appellant's trial counsel ineffective.