J-S15031-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH EDWARD GETSCHOW III | : | |
| | : | |
| Appellant | : | No. 1180 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 7, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003168-2017

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    FILED APRIL 30, 2019

Appellant, Kenneth Edward Getschow III, appeals from the amended judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial conviction of theft by failure to make the required disposition of funds.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 17, 2015, Appellant and Victim met to discuss home improvement contracting services for Victim's home.  Appellant presented an itemized list of labor and supplies totaling $21,609.00, and Victim gave Appellant a check for $10,000.00 as a deposit.  Victim gave Appellant a second check for $10,000.00 on January 4, 2016.  Appellant estimated completion of the

_____

[1] 18 Pa.C.S.A. 3927(a).

_____
*   Retired Senior Judge assigned to the Superior Court.

project by April 13, 2016. In August 2016, Victim fired Appellant, even though Appellant had only completed a small amount of the contracted work. Appellant failed to purchase the supplies as promised and instead used the funds for purposes unrelated to the renovation of Victim's home. Appellant did not refund Victim for the incomplete work or deliver any of the promised building supplies.

On November 20, 2017, the Commonwealth charged Appellant with deceptive or fraudulent business practices, home improvement fraud, receiving stolen property ("RSP"), and theft by unlawful taking or disposition. The court held a jury trial from June 18, 2018 to June 20, 2018. After the close of evidence and prior to submitting the case to the jury, the court dismissed the charge of theft by unlawful taking or disposition. Additionally, the court granted the Commonwealth's motion to amend the charge of RSP to a charge of theft by failure to make the required disposition of funds received. Appellant's counsel objected to the amendment of the information at the time of amendment and again after the court charged the jury.

On June 20, 2018, the jury convicted Appellant of theft by failure to make the required disposition of funds received. On August 6, 2018, the court sentenced Appellant to 9 to 23½ months' imprisonment plus 60 months' probation, and restitution in the amount of $20,000.00. The following day, the court issued a resentencing order, which reinstated the same aggregate sentence and restitution amount, and imposed additional supervision

conditions. On August 16, 2018, Appellant timely filed a post-sentence

motion. On August 17, 2018, Appellant filed a premature notice of appeal.

On August 21, 2018, the court denied Appellant's post-sentence motion and

ordered Appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b).[2] Appellant timely complied on September 10,

2018.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF
> LAW AND/OR ABUSE OF DISCRETION WHEN IT SUA
> SPONTE AMENDED THE INFORMATION AFTER THE CLOSE
> OF EVIDENCE AND SUBSEQUENTLY INTIMATED
> APPELLANT'S GUILT OF THE AMENDED CHARGE TO THE
> FACT-FINDER DURING THE JURY CHARGE[?]

(Appellant's Brief at 4).

Appellant argues that the factual scenario to support a conviction for the

amended charge of theft by failure to make required disposition is entirely

different from that of RSP. Appellant contends the Commonwealth's initial

charge of RSP required theft and fraud upon initial reception of currency, while

_____

[2] Appellant's notice of appeal relates forward to August 21, 2018, the date the court denied Appellant's post-sentence motion. Therefore, there are no jurisdictional impediments to our review. See Commonwealth v. Borrero, 692 A.2d 158 (Pa.Super. 1997) (explaining general rule that if defendant files timely post-sentence motion, judgment of sentence does not become final for purposes of appeal until trial court disposes of motion or motion is denied by operation of law). See also Commonwealth v. Ratushny, 17 A.3d 1269, 1271 n.4 (Pa.Super. 2011) (explaining if court denies appellant's post-sentence motion following filing of premature notice of appeal, Superior Court will treat appellant's premature notice of appeal as having been filed after entry of order disposing of post-sentence motion).

the amended charge required intent to use the funds for another purpose at some time in the future. Appellant avers the amended charge required a change in defense strategy, and Appellant had no opportunity to change strategy because the amendment occurred after the close of evidence. Appellant maintains the court sua sponte amended the information, and not at the request of the Commonwealth. Appellant further argues the court intimated Appellant's guilt during the jury instructions on the charge of theft by failure to make required disposition. Appellant submits the court informed the jury of how Appellant's acts met the elements of the crime, which impaired the jury's ability to render a fair and impartial verdict. Appellant asserts that the court's cautionary language used during the jury instructions was insufficient to cure an error. Appellant concludes this Court should vacate his judgment of sentence. We disagree.

Allowing an amendment to the criminal information "is a matter within the discretion of the trial court, and only an abuse of discretion will constitute reversible error." Commonwealth v. Small, 559 Pa. 423, 450, 741 A.2d 666, 681 (1999), cert. denied, 531 U.S. 829, 121 S.Ct. 80, 148 L.Ed.2d 42 (2000).

> [W]hen presented with a question concerning the propriety of an amendment, we consider:
>
> > [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant

- 4 -

is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. Additionally, [i]n reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

In re D.G., 114 A.3d 1091, 1094-95 (Pa.Super. 2015) (quoting Commonwealth v. Beck, 78 A.3d 656 (Pa.Super. 2013)).

Pennsylvania Rule of Criminal Procedure 564 provides:

Rule 564. Amendment of Information

The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564 (emphasis added). See also Commonwealth v. Womack, 453 A.2d 642, 646 (Pa.Super. 1982) (stating amendment to information on day of trial is permissible if there is no prejudice to defendant). "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and

to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." Commonwealth v. Mentzer, 18 A.3d 1200, 1203 (Pa.Super. 2011) (quoting Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa.Super. 2006)).

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. Factors that we must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

Id. at 1223 (internal citations omitted).

The offense of RSP is defined as:

> § 3925. Receiving stolen property
>
> (a) Offense defined. A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

(b) Definition. As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of property.

18 Pa.C.S.A. § 3925.

The offense of theft by failure to make required disposition of funds received is defined as:

§ 3927. Theft by failure to make required disposition of funds received

(a) Offense defined. A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S.A § 3927(a).

When reviewing a challenge to a jury instruction:

[W]e must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

Commonwealth v. Baker, 963 A.2d 495, 507 (Pa.Super. 2008), appeal denied, 606 Pa. 644, 992 A.2d 885 (2010) (quoting Commonwealth v. Jones, 954 A.2d 1194, 1198 (Pa.Super. 2008), appeal denied, 599 Pa. 708, 962 A.2d 1196 (2008)).

- 7 -

Importantly, a specific and timely objection is essential to preserve a challenge to a particular jury instruction. Commonwealth v. Forbes, 867 A.2d 1268, 1274 (Pa.Super. 2005). Failure to do so results in waiver of the issue for appeal. Id. Pennsylvania Rule of Appellate Procedure 302 provides:

Rule 302. Requisites for Reviewable Issue

\* \* \*

(b) Charge to jury. A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.

Pa.R.A.P. 302(b). Similarly, Pennsylvania Rule of Criminal Procedure 647 states in pertinent part:

Rule 647. Request for Instructions, Charge to the Jury, and Preliminary Instructions

\* \* \*

(B) No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

Pa.R.Crim.P. 647(B). Thus, a defendant's failure to object specifically to the jury charge, before the jury retires to deliberate, precludes appellate review of that jury charge. Commonwealth v. Gwynn, 555 Pa. 86, 106, 723 A.2d 143, 152 (1999), cert. denied, 528 U.S. 969, 120 S.Ct. 410, 145 L.Ed.2d 320 (1999). See also Commonwealth v. Fisher, 493 A.2d 719, 723 (Pa.Super. 1985) (stating specific objection to jury instructions assures trial court has fair

opportunity to avoid error).

Instantly, Appellant received $20,000.00 from Victim to cover itemized supplies and labor specifically to renovate Victim's home. Appellant subsequently used the funds for purposes unrelated to Victim's home renovation and did not purchase supplies as agreed or refund Victim for any incomplete work. The Commonwealth charged Appellant with deceptive or fraudulent business practices, home improvement fraud, RSP, and theft by unlawful taking or disposition. After the close of evidence, the court dismissed the charge of theft by unlawful taking or disposition, and amended the charge of RSP to theft by failure to make the required disposition of funds received. Counsel objected to the amendment of the information at the time and again after the court charged the jury. On June 20, 2018, the jury convicted Appellant of theft by failure to make the required disposition of funds received.

Regarding Appellant's claim that the court improperly amended the information sua sponte, the court addressed that claim as follows:

> First and foremost, ...the [c]ourt did not, sua sponte, amend Count 3 of the Information. Rather, the court granted the motion of the Commonwealth to amend the Information upon the close of the evidence[.]
>
> *    *    *
>
> In each of these crimes, [RSP and theft by failure to make required disposition of funds,] the perpetrator must intentionally take another person's property and [use] it as his own. Here, [Appellant] intentionally took [Victim's] money, knowing it was not his own, and used it for his own purposes. The factual scenario supporting both of these charges does not change and the amendment does not add

- 9 -

new facts previously unknown to [Appellant].

[The court notes] that Failure to Make the Required [Disposition] of Funds is not a lesser included offense of [RSP], Deceptive or Fraudulent Business Practices, Theft by Unlawful Taking or Disposition, or Home Improvement Fraud. Such a finding, however, does not render [Appellant] per se prejudiced by the amendment. Since [Appellant's] amended charge involves the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information, he is deemed to have been placed on notice regarding his alleged criminal conduct. ... Here, the facts underlying the amended charge of Failure to Make the Required [Disposition] of Funds are materially similar to the facts supporting [Appellant's] original charges.

[The court notes] that Counts 1 and 2 are fraud based charges which require fraud or intent to defraud; whereas Count 3 (as amended) requires [Appellant acted] with the intent to use other people's money as his own. However, what is important is that [the] original Count 3, [RSP], was a theft offense with no element of fraud just as the amended charge of Theft by Failure to Make the Required Disposition of Funds is a theft offense with no element of fraud. Theft only requires that the defendant act intentionally in receiving, retaining or disposing of the property of another.

Finally, Appellant was not required to raise a new defense as a result of the amendment. At trial, [Appellant's] defense was based on the following: 1. [Appellant] was doing [Victim] a favor by renovating her house, since he had just started his own commercial business; 2. [Appellant] took [Victim's] $20,000.00 but did not charge her for some of the work he did; 3. At the beginning, [Victim] was not in a hurry for the job to be completed; 4. [Appellant] took...on a commercial job in Washington, D.C., which then ran into problems and took months longer than anticipated and by the time he was able to return to Erie to complete [Victim's] house, she had "thrown him" off the job so he did not have the opportunity to complete the work. No different defense would have been available to the charge of Failure to Make the Required [Disposition] of Funds, which arose out of the same facts. Accordingly, [Appellant] was not prejudiced by

the [c]ourt's amendment of the charge.

(Trial Court Opinion, filed October 11, 2018, at 3, 6-8) (internal citations omitted). The record supports the trial court's analysis and decision. See 18 Pa.C.S.A. §§ 3925, 3927; Pa.R.Crim.P. 564; In re D.G., supra; Mentzer, supra; Sinclair, supra.

Regarding Appellant's challenge to the jury instruction, Appellant timely objected to the jury instruction at trial but raised issues materially different from his claim on appeal. See Forbes, supra. In his trial objection, Appellant's counsel stated:

> [Counsel]: This somewhat piggybacks on my objection to the [c]ourt's amending of the Information and the District Attorney's agreeance with the [c]ourt to include the third and final charge. I guess, considering the [c]ourt's instruction, I do believe that it completely alters any kind of defense we may have had and the timeliness. It certainly didn't give us enough time to prepare. I would also ask for, perhaps, another instruction as to that charge. I think that there was a heavy slant towards, that check was only for drywall and electric.
>
> [Court]: In whole or in part, though?
>
> [Counsel]: Well, Your Honor, and, again, I'll just for the record, I think that that was—instruction was heavily slanted only to the drywall and electric, when this clearly was for other labor or et cetera.

(N.T. Trial, 6/20/18, at 84-86). Appellant's objection was primarily directed toward the amendment of the information, the timing of the amendment, and its impact on the defense. The objection is not so clear with respect to Appellant's claim on the intimation of guilt in the jury instruction. Appellant

- 11 -

failed to make a specific objection on the claim of intimation of guilt. See Pa.R.A.P. 302(b); Gwynn, supra. Therefore, this claim is waived for purposes of appeal. See Forbes, supra.

Further, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. Commonwealth v. Castillo, 585 Pa. 395, 888 A.2d 775 (2005). An appellant's concise statement must identify the errors to be addressed on appeal with sufficient specificity. Commonwealth v. Dowling, 778 A.2d 683 (Pa.Super. 2001). Thus, a Rule 1925(b) statement that is too vague for the trial court to identify and address the issue(s) Appellant wishes to raise on appeal can result in waiver. Commonwealth v. Reeves, 907 A.2d 1 (Pa.Super. 2006), appeal denied, 591 Pa. 712, 919 A.2d 956 (2007).

Here, Appellant's Rule 1925(b) statement broadly states the court erred when it intimated guilt in its instruction regarding the charge of theft by failure to make required disposition. Appellant did not state with sufficient specificity how the court intimated guilt. See Dowling, supra. Therefore, his claim is waived on this ground as well. See Reeves, supra. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2019